UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| Amberlee Pearl Devey, | Case No. 6:25-cv-01192-MTK |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| State of Oregon, | |
| Respondent. | |

**KASUBHAI,** United States District Judge:

On July 9, 2025, Petitioner Amberlee Pearl Devey filed a Notice of Removal of Case Number 24CR07524 from Linn County Circuit Court. ECF No. 1. Before the Court is Petitioner's Application for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. The Court finds that it lacks jurisdiction over the State's criminal prosecution and remands. Petitioner's IFP application is DENIED as MOOT.

## BACKGROUND

The following allegations are taken as true for purposes of screening the Petition. On or about February 12, 2024, Petitioner was charged in Linn County Circuit Court (Case No. 24CR07524) with (1) aggravated identity theft (ORS 165.803), (2) computer crime (ORS 164.377), and (3) theft in the first degree (ORS 164.055). Petitioner was arraigned on May 8,

2024. On October 30, 2024, a grand jury returned a true bill, indicting Petitioner. Petitioner was arraigned again on November 6, 2024. On July 9, 2025, Petitioner filed a Notice of Removal with this Court, pursuant to 28 U.S.C. § 1443(1). ECF No. 1. Petitioner alleges violations of her Fifth and Fourteenth Amendment rights for Respondent's alleged failure to provide adequate *Miranda* warnings, failure to provide grand jury transcripts or audio, and denial of an opportunity to contest the indictment that followed the grand jury proceeding. She also alleges that she was provided ineffective assistance of counsel.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous. In determining the sufficiency of a petition presented by a self-represented party, the court must be mindful to construe the petition liberally in favor of the petitioner. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In addition, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a federal court lacks jurisdiction, then it must dismiss or remand the case.

Petitioner filed a Notice of Removal under 28 U.S.C. § 1443(1), which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

The Supreme Court "has given section 1443 a restrictive interpretation." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). The right to removal of a criminal

prosecution commenced in State court can *only* be asserted when two criteria are met. *Id.* "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Sandoval*, 434 F.2d at 636. "Bad experiences with the particular court in question will not suffice." *Id.* The denial of due process or a corrupt or unlawful prosecution, standing alone, is insufficient because the asserted right must arise out of the deprivation of a right to racial equality. *Johnson*, 421 U.S. at 219.

Here, Petitioner has not met either of these criteria. Her Petition alleges that she was denied due process under the Fifth and Fourteenth Amendments. Read liberally, Petitioner also alleges that she was deprived of her right to effective assistance of counsel under the Sixth Amendment. Petitioner does not allege that the criminal prosecution violates her civil rights related to her race, "nor that Oregon has a state statute or constitutional provision that commands it to ignore federal racial civil rights." *Barber v. Vance*, No. 3:16-CV-2105-AC, 2019 WL 267874, at *2 (D. Or. Jan. 18, 2019).

Moreover, Petitioner's Notice of Removal is untimely. Under 28 U.S.C. § 1455(b)(1):

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

The latest date of Plaintiff's arraignment was on November 6, 2024, and she filed her Notice of Removal more than thirty days later on July 9, 2025. The Court has reviewed Plaintiff's Petition and exhibits and finds that Plaintiff has not shown good cause for the untimely removal.

Petitioner's case falls outside the "narrow parameters" that permit removal under § 1443(1). *Sandoval*, 434 at 636. The Court lacks jurisdiction over the State's criminal prosecution of Petitioner and must remand.

## CONCLUSION

For the reasons explained above, the Court REMANDS the case to Linn County Circuit Court, State of Oregon. Petitioner's application to proceed IFP (ECF No. 2) and Application for CM/ECF Registration as a Self-Represented Party (ECF No. 4) are DENIED as MOOT.

DATED this  17th  day of       July      , 2025.

                                                  /s/Mustafa T. Kasubhai
                                                  Mustafa T. Kasubhai (he/him)
                                                  United States District Judge